```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA

DEREK MITCHELL              *            CIVIL ACTION

VERSUS                      *            NO: 12-1752

LYNN COOPER, WARDEN         *            SECTION: "B"(5)
```

REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Derek Mitchell, and the State's response thereto. (Rec. docs. 1, 13). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Mitchell's petition be dismissed with prejudice.

I.  FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Mitchell is a state prisoner who is presently incarcerated at the Avoyelles Correctional Center, Cottonport, Louisiana.  On March 2, 1994, a bill of information was issued charging Mitchell with four counts of armed robbery and one count

of first degree robbery.[1]  On May 20, 1996, Mitchell entered a plea of "guilty" as charged to all counts.  The court sentenced Mitchell to serve 30 years incarceration with credit for time served, to run concurrently with any other sentence without benefit of probation, parole or suspension of sentence.[2]  Thereafter, Mitchell had five days within which to file a motion for an appeal in connection with his conviction and sentencing.  See La. Code Crim. P. art. 914(B)(1).[3]  Mitchell, however, made no effort to seek a direct appeal.  As such, Mitchell's convictions and sentence were rendered final on Monday, May 27, 1996,[4] after the five days available to lodge an appeal expired.  See State v. Counterman, 475 So.2d 336, 338 (La. 1985).

On September 19, 1996, then again on March 4, 1997, Mitchell filed with the state district court motions for production of his

---

[1] St. Rec. Vol. 1 of 2.

[2] Id.

[3] Article 914(B)(1) has since been amended to provided for 30 days within which to file a motion for an appeal.

[4] The last day fell on Saturday, May 25, 1996.  Therefore, the finality date is the next business day, Monday, May 27, 1996.  Fed. R. Civ. P. 6(a)(1)(C) (weekends are not included in the calculation of period when it would be the last day of the period);  La. Code Crim. P. art. 13 (weekends are not included in the calculation of period when it would be the last day of the period).

Boykin/sentencing transcripts.[5]  On July 11, 1997, the state district court granted Mitchell's motions, ordering that the defendant be provided with "a transcript of the proceedings held on May 20, 1996, at which the [d]efendant entered a plea of guilty and was sentenced by the trial court."[6]

On May 8, 2001, Mitchell filed a motion to correct an illegal sentence.[7]  On June 6, 2001, Mitchell filed a motion to amend or modify his sentence.[8]  Having received no ruling from the district court, Mitchell filed a writ of mandamus with the Louisiana Fourth Circuit Court of Appeal.[9]  On August 27, 2001, the Louisiana Fourth Circuit ruled on Mitchell's motion to correct, amend and/or modify his illegal sentence.  The state appellate court denied relief, providing:  "Relator's claims are not timely filed.  La.C.Cr.P. art. 930.8.  Furthermore, relator has failed to show that he is serving an illegal sentence.  In addition, there is no review of sentencing errors post conviction. La.C.Cr.P. art. 930.3; State ex

---

[5]St. Rec. Vol. 1 of 2.

[6]Id.

[7]Id.

[8]Id.

[9]St. Rec. Vol. 2 of 2.

3

rel. Melinie, 93-1380 (La. 1/12/96), 665 So.2d 1172."[10]  Mitchell did not seek relief from the Louisiana Supreme Court.

On June 20, 2002, Mitchell filed a second motion to correct an illegal sentence or, in the alternative, motion to withdraw guilty plea.[11]  The district court does not appear to have acted on the motion, and, on April 7, 2003, the Louisiana Fourth Circuit denied relief, providing:  "No review of sentencing errors post-conviction exists.  La.C.Cr.P art. 930.3; State ex rel. Melinie v. State, 93-1380(La. 1/12/96), 665 So.2d 1172.  Therefore, relator's sentencing claims are not presently reviewable.  Relator had not provided any evidence to support his claims that he should be allowed to withdraw his pleas of guilty; additionally, the claims were not timely filed.  La.C.Cr.P. art. 930.8."[12]  Mitchell did not seek relief from the Louisiana Supreme Court.

On December 16, 2003, Mitchell filed with the state district court a third motion to correct an illegal sentence or, alternatively, motion to withdraw guilty plea.[13]  In response to

---

[10] State v. Mitchell, No. 2001-K-1368 (La. App. 4th Cir. 8/27/01); St. Rec. Vol. 2 of 2.

[11] St. Rec. Vol. 2 of 2.

[12] State v. Mitchell, No. 2003-K-0425 (La. App. 4th Cir. 4/7/03); St. Rec. Vol. 2 of 2.

[13] St. Rec. Vol. 2 of 2.

4

Mitchell's related mandamus application, the Louisiana Fourth Circuit, on April 21, 2004, again denied relief, providing: "The relator's claims are the same as those denied by this Court in writ application number 2003-K-0425. The claims are repetitive. La.C.Cr.P. art. 930.4."[14] On April 1, 2005, the Louisiana Supreme Court, in connection with Mitchell's related writ application, denied relief, citing "La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189; State v. Parker, 9800256 (La. 5/8/98), 711 So.2d 694."[15]

Mitchell continued to challenge his sentence and guilty plea. His efforts in this regard culminated on April 13, 2012, when the Louisiana Supreme Court again denied relief, citing: "La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 60 So.2d 1189; State v. Parker, 98-0256 (La. 5/8/98), 711 So.2d 694."[16]

II.   FEDERAL HABEAS PETITION

On May 30, 2012, Mitchell filed the instant federal habeas corpus application. In his habeas application, Mitchell raises the following claims: (1) He never received a factual basis hearing to

---

[14] State v. Mitchell, No. 2004-K-0409 (La. App. 4th Cir. 04/21/04); St. Rec. Vol. 2 of 2.

[15] State ex rel. Mitchell v. State, 897 So.2d 596, No. 2004-KH-1334 (La. 2005); St. Rec. Vol. 2 of 2.

[16] State ex rel. Mitchell v. State, 85 So.3d 1242, No. 2011-KH-1650 (La. 2012); St. Rec. Vol. 2 of 2.

establish the nature of the charges. (2) He was never informed of the maximum and minimum sentencing ranges in order to determine whether he was making an intelligent and knowledgeable plea bargain. (3) He was given one sentence in connection with five different charges. He should have pleaded guilty to each individual charge separately and received five sentences to run concurrently. (4) The foregoing grounds make his sentence illegal and, as such, there is no valid basis for his incarceration. (5) He received ineffective assistance of counsel.[17] Since the court concludes that the instant action is time-barred, the merits of Mitchell's claims need not be addressed.

III. GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[18] and applies

---

[17] Mitchell provides no support for his ineffectiveness claim other than to cite Porter v. McCollum, 558 U.S. 30 (2009), a case involving counsel's failure to present mitigating evidence during the death sentencing phase following a jury's guilty verdict. The case is not relevant to the instant matter. Mitchell's sentence resulted from a negotiated plea bargain in a noncapital case.

[18] The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United

to habeas petitions filed after that date.  <u>Flanagan v. Johnson</u>, 154 F.3d 196, 198 (5th Cir. 1998) (citing <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Mitchell's petition.

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; <u>i.e.</u>, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. <u>Nobles v. Johnson</u>, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).  The State argues and the Court finds that Mitchell's petition was not timely filed in this Court and should be dismissed for that reason.

IV.   <u>STATUTE OF LIMITATIONS</u>

The AEDPA requires a petitioner to bring his Section 2254 petition within one year of the date his conviction became final.[19]

---

<u>States v. Sherrod</u>, 964 F.2d 1501, 1505 (5th Cir. 1992).

[19]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
A.   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States

Duncan v. Walker, 533 U.S. 167, 179-80 (2001).  Mitchell's conviction was final May 27, 1996, when he did not pursue review of his sentence or conviction.  See Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002).

Thus, under a literal application of the statute, Mitchell had one year from the date his conviction became final, or until May 27, 1997, to file his federal habeas corpus petition, which he did not do.  His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued

---

        is removed, if the applicant was prevented from filing by such State actions;
C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d).

his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin, 310 F.3d at 848.

Mitchell has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and the Court's review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in recent decisions. See Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed);

Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1.

The Supreme Court has clearly described this provision as a tolling statute.  Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period.  Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For an application for post-conviction or other collateral review to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing.  Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d

11

303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in

12

the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition.  Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

The one-year AEDPA limitations period began to run in Mitchell's case on May 28, 1996, the day after his conviction was final.  On September 19, 1996, then again on March 4, 1997, Mitchell filed motions for production of his Boykin/sentencing transcripts.[20]  However, applications seeking transcripts or other documents are not considered "application[s] for State post-conviction or other collateral review" for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Higginbotham v. Tanner, Civ. Action No. 10–1130, 2011 WL 3268128, at *1 (E.D.La. July 29, 2011); Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D.La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01–493, 2001 WL 533221, at *4 (E.D.La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).

Thus, Mitchell's limitations period ran uninterrupted for 365 days from May 28, 1996, until May 28, 1997, when it expired.

---

[20] See discussion supra at pp. 2-3.

13

Mitchell had no properly filed state post-conviction or other collateral review proceedings pending during that time period. In addition to this one-year period of time, Mitchell allowed almost four years to lapse before he submitted, on May 8, 2001, his first application for collateral review, a motion to correct an illegal sentence.[21]

The record establishes that, after his conviction became final, Mitchell allowed substantially more than one year to lapse without any properly filed and pending application for collateral review and without having filed a timely federal petition for habeas corpus relief. His federal habeas corpus petition is clearly time-barred and must be dismissed for that reason.

## RECOMMENDATION

For the foregoing reasons, it is hereby recommended that the application for federal habeas corpus relief filed by petitioner, Derek Mitchell, should be **DISMISSED WITH PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual

---

[21] See discussion supra at p. 3.

findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. §636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).[22]

New Orleans, Louisiana, this 11th day of     June    , 2013.

 

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

---

[22]Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.